# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
----------------------------------------------------------- x
In re:                                          :
                                                :        Chapter 11
                                                :
SKILLSOFT CORPORATION, et al.                   :        Case No. 20–11532 (MFW)
                                                :
               Reorganized Debtors.¹            :        (Jointly Administered)
                                                :
----------------------------------------------------------- x
```

**Hearing Date:  Dec. 15, 2020 at 3:00 p.m. (ET)**
**Obj. Deadline:  Dec. 8, 2020 at 4:00 p.m. (ET)**

## MOTION OF REORGANIZED DEBTORS PURSUANT TO 11 U.S.C. § 350(a), FED. R. BANKR. P. 3022, AND DEL. BANKR. L.R. 3022-1 FOR ORDER (I) GRANTING FINAL DECREE AND (II) TERMINATING CLAIMS AND NOTICING SERVICES

Skillsoft Corporation ("**Skillsoft**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, following the occurrence of the Effective Date (defined below), the "**Reorganized Debtors**"), respectfully represent in support of this motion (this "**Motion**"):

### Relief Requested

1.      Pursuant to section 350(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-1 and 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Skillsoft Corporation (6115); Amber Holding Inc. (0335); SumTotal Systems LLC (7228); MindLeaders, Inc. (6072); Accero, Inc. (4684); CyberShift Holdings, Inc. (2109); CyberShift, Inc. (U.S.) (0586); Pointwell Limited; SSI Investments I Limited; SSI Investments II Limited; SSI Investments III Limited; Skillsoft Limited; Skillsoft Ireland Limited; ThirdForce Group Limited; Skillsoft U.K. Limited; and Skillsoft Canada, Ltd.  The location of the Debtors' corporate U.S. headquarters is 300 Innovative Way, Suite 201, Nashua, NH 03062.

(the "**Local Rules**"), the Reorganized Debtors request entry of a final decree and order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") closing these chapter 11 cases and terminating the services of Kurtzman Carson Consultants LLC ("**KCC**") as claims and noticing agent in these chapter 11 cases.

### Jurisdiction

2.       The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules, the Reorganized Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

3.       On June 14, 2020 (the "**Petition Date**"), the Debtors each commenced with the United States Bankruptcy Court for the District of Delaware (the "**Court**") a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

4.       Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of John Frederick In Support of Debtors' Chapter 11 Petitions and First Day Relief*

[D.I. 22] (the "**First Day Declaration**"), filed on the Petition Date and incorporated herein by reference.

5.      On July 24, 2020, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Skillsoft Corporation and its Affiliated Debtors* [D.I. 233] (as subsequently supplemented, the "**Plan**").[2]  On August 6, 2020, the Court entered an order that, among other things, confirmed the Plan [D.I. 274] (the "**Confirmation Order**").  On August 27, 2020 (the "**Effective Date**"), the Plan became effective, and the Debtors emerged as the Reorganized Debtors.

6.      As of the date hereof, the Reorganized Debtors have substantially consummated the Plan, and all of the distributions required to be made thereunder have been made or will be made in accordance with the terms of the Plan.

7.      As contemplated and required by the Plan and the Confirmation Order, all documents and agreements necessary to implement the Plan were executed in accordance with the terms of the Plan and the Confirmation Order.

8.      Any proofs of claim filed in these chapter 11 cases are deemed to be withdrawn under Section 7.1 of the Plan, which provides, in relevant part:

> Except for (i) proofs of claim asserting damages arising out of the rejection of an executory contract or unexpired lease by any of the Debtors pursuant to section 8.3 of this Plan, (ii) in respect of non-ordinary course Administrative Expense Claims made under section 2.1 of this Plan or pursuant to the Confirmation Order and (iii) proofs of claim that have been objected to by the Debtors before the Effective Date, (x) the holders of Claims shall not be subject to any claims resolution process in the Bankruptcy Court in connection with their Claims and shall retain all their rights under applicable non-bankruptcy law to pursue their Claims against the Debtors or Reorganized Debtors in any forum with jurisdiction over the parties and (y) upon the Effective Date, any filed Claim, regardless of the

---

[2]     Capitalized terms used but not otherwise herein defined shall have the same meanings ascribed to such terms in the Plan.

time of filing, and including Claims filed after the Effective Date,
shall be deemed withdrawn.  Plan § 7.1.

9.      No executory contracts have been rejected in these chapter 11 cases.

*See* D.I. 236-5.  All claims of creditors in these chapter 11 cases have been paid or will be paid,

resolved, or disputed in the ordinary course of the Reorganized Debtors' business consistent with

the relevant provisions of the Plan.

10.     All expenses arising from the administration of the Debtors' estates and

these chapter 11 cases, including court fees, fees arising under 28 U.S.C. § 1930(a)(6)

(the "**Section 1930 Fees**"), and  professional fees and expenses, have been paid or will be paid as

and when such fees and expenses come due.

11.     On November 18, 2020, the Court entered the *Omnibus Order Awarding*

*Final Allowance of Compensation for Services Rendered and Reimbursement of Expenses*

[D.I. 336] (the "**Final Fee Order**") allowing, on a final basis, claims of Professional Persons

totaling $20,162,368.15 in fees and $29,129.65 in expenses for services rendered from the Petition

Date through the Effective Date.

### Basis for Relief

**A.      Final Decree Closing these Chapter 11 Cases**

12.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is

fully administered and the court has discharged the trustee, the court shall close the case."

Bankruptcy Rule 3022 implements the Bankruptcy Code's requirements, providing similarly that,

"[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own

motion or on motion of a party in interest, shall enter a final decree closing the case."  Local Rule

3022-1(a) provides that, "[u]pon written motion, a party in interest may seek the entry of a final

decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid."

13.    The term "fully administered" is not defined in the Bankruptcy Code or Bankruptcy Rules.  The Advisory Committee Note to Bankruptcy Rule 3022 sets forth a non-exclusive list of factors to be considered to determine whether a case has been fully administered. These factors are:   (1) whether the order confirming the plan has become final; (2) whether deposits required by the plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

14.    Courts have affirmed the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed."  *In re SLI, Inc.*, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (Shapero, J.) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

15.    In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated in

determining whether to enter a final decree. *See In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R. at 493 (same).

16.     Finally, courts have also noted that entry of a final decree is appropriate to stop the accrual of Section 1930 Fees. *In re Junior Food Mart of Arkansas, Inc.*, 201 B.R. 522, 524 (Bankr. E.D. Ark. 1996) (closing case "in order that no further [Section 1930] [F]ees accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of Section 1930 Fees).

17.     These chapter 11 cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing them. Indeed, under the factors set forth above, these chapter 11 cases should be closed. Specifically:

    i.     the Plan was confirmed on August 6, 2020, and the Confirmation Order was not appealed and thus has become final;

   ii.     the Plan was substantially a "ride through" plan, and any deposits and property transfers provided for by the Plan, to the extent applicable, have been completed;

  iii.     the Reorganized Debtors have assumed the business and management of the assets of the Debtors as reorganized entities;

   iv.     the distributions provided for under the Plan have been made or will be made in the ordinary course in accordance with the terms of the Plan;

    v.     all motions and applications (other than this Motion), adversary proceedings, or contested claims in these chapter 11 cases have been resolved; and

   vi.     the Plan has been substantially consummated.

18.     Therefore, all of the factors described above demonstrate that these chapter 11 cases have been "fully administered."

RLF1 24359264V.1

19.     Moreover, the closing of these chapter 11 cases will stop the accrual of Section 1930 Fees, further supporting approval of this Motion. *See, e.g.*, *In re Jr. Food Mart of Arkansas, Inc.*, 201 B.R. at 524; *Jay Bee*, 207 B.R. at 539.

20.     In addition, all Section 1930 Fees have been paid or will be paid by the Reorganized Debtors in the ordinary course of business as and when such fees come due.  As such, closing these chapter 11 cases complies with Local Rule 3022-1.

21.     Finally, Professional Persons have been or will be paid $20,162,368.15 in fees and $29,129.65 in expenses for services rendered from the Petition Date through the Effective Date pursuant to the Final Fee Order.

22.     For all of the foregoing reasons, the Reorganized Debtors respectfully request, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, that the Court enter an order granting a final decree closing these chapter 11 cases.

**B.      Termination of Claims and Noticing Services**

23.     In addition to the foregoing, the Reorganized Debtors request entry of an order terminating the claims and noticing services (the "**Services**") provided by KCC pursuant to the *Order Authorizing the Appointment of Kurtzman Carson Consultants LLC as Claims and Noticing Agent* Nunc Pro Tunc *to the Petition Date*, entered June 16, 2020 [D.I. 81] (the "**Retention Order**").  Upon termination of the Services, and except as otherwise provided herein, KCC will have no further obligations under the Retention Order to the Court, the Debtors, the Reorganized Debtors, or any other party in interest with respect to the Services in these chapter 11 cases.

24.     Pursuant to Local Rule 2002-1(f)(ix), within twenty-eight (28) days of entry of an order granting this Motion, KCC will (a) forward to the Clerk of the Court an electronic

version of all imaged claims; (b) upload the creditor mailing list into CM/ECF; and (c) docket in the case of Reorganized Debtor SKILLSOFT CORPORATION, Case No. 20-11532 (MFW) a Final Claims Register containing the claims of all of these jointly administered chapter 11 cases. KCC also will box and deliver all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

25.    Should KCC receive any mail regarding the Reorganized Debtors or the Debtors after entry of an order granting this Motion, KCC will collect and forward such mail no less frequently than monthly to the Reorganized Debtors.

26.    The Reorganized Debtors submit that their request to terminate the Services provided by KCC on the terms described in this Motion complies with the Local Rules and is otherwise appropriate under the circumstances and, therefore, should be approved.

### Final Report

27.    In accordance with Local Rule 3022-1(c), a final report of these chapter 11 cases is attached hereto as **Exhibit B**.

### Notice

28.    Notice of this Motion will be provided to (i) the Office of the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware, 19801 (Attn: Jane Leamy, Esq. (jane.m.leamy@usdoj.gov)); (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) counsel to the Ad Hoc First Lien Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166 (Attn: Scott J. Greenberg, Esq. and Christina M. Brown, Esq.); (iv) counsel to the Ad Hoc Crossholder Group, Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Evan R. Fleck, Esq., Benjamin M. Schak, Esq. and Sarah Levin, Esq.); (v) counsel to Wilmington Savings Fund Society, FSB ("**WSFS**"), in

its capacity as First Lien Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Gregg S. Bateman, Esq.); (vi) counsel to WSFS, in its capacity as Second Lien Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Gregg S. Bateman, Esq.); (vii) counsel to WSFS, in its capacity as DIP Agent and DIP Escrow Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Gregg S. Bateman, Esq.);  (viii) counsel to CIT Bank, N.A., in its capacity as AR Facility Agent, Holland & Knight LLP, 200 Crescent Court, Suite 1600, Dallas, Texas 75201 (Attn: Samuel Pinkston); (ix) the Internal Revenue Service; (x) the United States Attorney's Office for the District of Delaware; (xi) the Securities and Exchange Commission; (xii) any party entitled to notice in these chapter 11 cases pursuant to Local Rule 3022-1(b); and (xiii) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Debtors respectfully submit that no further notice is required.

29.    No previous request for the relief sought herein has been made by the Reorganized Debtors to this Court or any other Court.

*[Remainder of page intentionally left blank]*

WHEREFORE the Reorganized Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) closing these chapter 11 cases; (b) terminating KCC as the notice and claims agent in these chapter 11 cases; and (c) granting such other and further relief as is necessary and proper.

Dated:  November 24, 2020
      Wilmington, Delaware

/s/ Amanda R. Steele
RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Amanda R. Steele (No. 5530)
Christopher M. De Lillo (No. 6355)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email: steele@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Gary T. Holtzer
Robert J. Lemons
Katherine Theresa Lewis
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Reorganized Debtors*

RLF1 24359264V.1